## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LAUREN WILLIAMS and
CHRISTOPHER QUINTERO,

|  |  |
|---|---|
| Plaintiffs, | Case No. |
| v. | Hon. |
| ROBERT NOSSE, | |
| Defendant. | **JURY TRIAL DEMANDED** |

_____ /

Michael J. Steinberg (P43085)
Peter Harding*
Audrey Hertzberg*
CIVIL RIGHTS LITIGATION
INITIATIVE
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
hardingp@umich.edu
ahertz@umich.edu

Counsel for Plaintiff

* Student Attorney practicing pursuant to
Local Rule 83.21

_____ /

## **COMPLAINT**

## INTRODUCTION

1.      Plaintiffs, Dr. Lauren Williams and Christopher Quintero, bring this fair housing case against their former landlord, Robert Nosse, because he insisted they move out of their rental unit after they had a baby.

2.      After Dr. Williams gave birth to her and Mr. Quintero's first child, Mr. Nosse urged them to move out because, in his words, their "newly found living arrangement and needs exceed my parameters." According to Mr. Nosse, he had "only committed to host a young professional couple with a small dog not a full blown family unit."

3.      Dr. Williams and Mr. Quintero seek relief for violation of the protections against familial status discrimination in the federal Fair Housing Act ("FHA") and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA").

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 3613(1)(a) (enforcement of the Fair Housing Act) and 28 U.S.C. § 1331 (federal question jurisdiction).

5.      This Court has supplemental jurisdiction over Plaintiffs' ELCRA claim pursuant to 28 U.S.C. § 1367.

2

6. Additionally, Plaintiffs' complaint is timely. The incidents relating to this litigation took place in January of 2022, well within the two-year statute of limitations under the FHA. 42 U.S.C. § 3613(1)(a). Plaintiffs are also within the three-year statute of limitations for claims brought under the ELCRA. Mich. Comp. Laws § 600.5805(2).

7. Venue is appropriate under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Eastern District of Michigan and the rental property that is the subject of this action is located in this district.

## PARTIES

8. Plaintiff Dr. Lauren Williams is a resident of the City of Ann Arbor, County of Washtenaw, and State of Michigan.

9. Plaintiff Christopher Quintero is a resident of the City of Ann Arbor, County of Washtenaw, and State of Michigan.

10. Defendant Robert Nosse is a resident of Washtenaw County, Michigan. At all relevant times, Mr. Nosse owned and managed the rental property at 1309 South Seventh Street in Ann Arbor.

## STATEMENT OF FACTS

11.     Dr. Lauren Williams is a Physician Fellow at the University of Michigan School of Medicine in Hospice and Palliative Medicine – Pediatric Track.

12.     Christopher Quintero is a licensed attorney who practices contract law and serves as the board attorney for the Greater Coastal Community Action Council as well as a local domestic violence shelter.

13.     Dr. Williams and Mr. Quintero are married and live in Ann Arbor with their newborn baby.

14.     On March 25, 2021, Dr. Williams and Mr. Quintero signed a lease for the first-floor unit in Mr. Nosse's property at 1309 South Seventh Street in Ann Arbor after viewing the premises via video call.

15.     Mr. Nosse admitted that, in order to evade certain municipal regulations and inspections, he represented to the government that he was an owner-occupier of the house when, in fact, he did not live there.

16.     In advertising the property, Mr. Nosse stated that it was "ideally suited for new grads, Graduate/PHD students, and or young professionals or married couples that are active. responsible, and can take care of themselves. A self-sufficient, intelligent person(s) or married couple starting their first job out of

4

college or someone continuing their studies at the university could prosper and expand in this clean friendly environment!"

17. While several of these considerations may have been legally inappropriate, Dr. Williams and Mr. Quintero met Mr. Nosse's standards for ideal tenants. The apartment they rented includes two bedrooms, a kitchen, a living room, a bathroom, and two closets.

18. Dr. Williams and Mr. Quintero moved in on June 22, 2021.

19. On December 27, 2021, Dr. Williams gave birth to her and Mr. Quintero's first child.

20. At the height of a global pandemic and on multiple occasions, Mr. Nosse refused to properly wear a facemask in Dr. Williams' and Mr. Quintero's residence.

21. On January 27, 2022, Mr. Nosse emailed Dr. Williams and Mr. Quintero the following message, indicating that they should find a new place to live due to the birth of their baby:

> When you signed your lease for rooms/space in my second home, I had only committed to host a young professional couple with a small dog not a full blown family unit. My system was not set up for that as evidenced by the house policy sheet. I assume it was not your intension [sic] to expand at this time either. But either way, I am not comfortable with the infringement of our original agreements. I have been fighting the city of 20+ years and have spent several hundreds of hours of my personal time doing so and have generated costs exceeding $50,000 to own, occupy and use my home(s) the way I choose. This city is unbelievably incompetent and nonfunctional in the way that they

5

operate. I like people and since I am still single and do not have a family that I have created, I enjoy my personal freedoms but appreciate sharing what I have - material and personal resources - with young people advancing themselves and making their way in the world. Your newly found living arrangement and needs exceed my parameters. As your situation becomes more stable and you are able to project what you want your lives to look like going forward, I would appreciate it if you start scouting out a suitable new environment that will be beneficial to nurture your expanding family and its needs.

(See Exhibit A.)

22. By representing that Dr. Williams and Mr. Quintero were no longer welcome to rent a unit at the property due to the birth of their baby, Mr. Nosse violated both federal and state fair housing laws, which prohibit discrimination on the basis of familial status.

23. Although they were offended, Dr. Williams and Mr. Quintero heeded Defendant's request and immediately began searching for alternative living arrangements.

24. In the meantime, their living situation grew more uncomfortable as Mr. Nosse failed to promptly and adequately correct recurring plumbing issues. In particular, the basement repeatedly flooded with water contaminated with raw fecal matter. Dr. Williams and Mr. Quintero, concerned about the potential health risks posed to their baby, consulted their pediatrician who confirmed that such risks were serious.

6

25.    The City of Ann Arbor executed an administrative warrant on the property on February 17, 2022, conducted a search, and discovered significant plumbing and electrical problems in need of repair.

26.    Dr. Williams and Mr. Quintero expedited their ongoing search for a new home and moved out on February 22, 2022.

27.    Dr. Williams and Mr. Quintero shouldered significant moving-related expenses and suffered emotional distress, humiliation, shame, and embarrassment as a result of being forced to move unexpectedly in the middle of a pandemic and with a newborn baby.

## CAUSES OF ACTION

### COUNT ONE:
### FAMILIAL STATUS DISCRIMINATION IN VIOLATION OF THE FAIR HOUSING ACT

28.    Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

29.    The FHA prohibits all forms of discrimination in the rental of property on grounds of familial status:

[I]t shall be unlawful –

(a)    To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of . . . familial status . . .

(b)   To discriminate against any person, in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status . . .

(c)   To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination, based on . . . familial status . . . or an intention to make any such preference, limitation, or discrimination.

(d)   To represent to any person because of . . . familial status . . . that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

42 U.S.C. § 3604.

30.   By requesting that Plaintiffs vacate their rental unit at 1309 South Seventh Street in Ann Arbor, Defendant discriminated against Plaintiffs on grounds of familial status in violation of the FHA, resulting in significant injury and damages.

## COUNT TWO:
## FAMILIAL STATUS DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

31.   The Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2502, like the Fair Housing Act, prohibits familial status discrimination in the rental of property:

A person engaging in a real estate transaction, or a real estate broker or salesman, shall not on the basis of . . . familial status . . .

8

(a)  Refuse to engage in a real estate transaction with a person.

(b)  Discriminate against a person in the terms, conditions, or privileges of a real estate transaction or in the furnishing of facilities or services in connection with a real estate transaction.

* * *

(f)  Make, print, circulate, post, mail, or otherwise cause to be made or published a statement . . . which indicates, directly or indirectly, an intent to make a preference, limitation, specification, or discrimination with respect to the real estate transaction.

32.  By requesting that Plaintiffs vacate their rental unit at 1309 South Seventh St. in Ann Arbor, Defendant discriminated against Plaintiffs on grounds of familial status in violation of the Elliott-Larsen Civil Rights Act, resulting in significant injury and damages.

## RELIEF REQUESTED

33.  Plaintiffs request that the Court grant the following relief against Defendants:

A. Enter a declaratory judgment that Defendant violated the federal Fair Housing Act, the Michigan Fair Housing Act, and the Michigan Elliott-Larsen Civil Rights Act prohibitions on familial status discrimination;

9

B.  Award damages to compensate Plaintiffs for their significant injuries, including moving expenses, emotional distress, loss of civil rights, and humiliation and embarrassment caused by the discrimination of Defendant, in an amount to be proven at trial;

C.  Award punitive damages to Plaintiffs as a result of Defendant's deliberate, intentional, overt, willful and flagrant discrimination on grounds of familial status, in an amount that reflects the dual purposes of punishment and deterrence;

D.  Award Plaintiffs attorneys' fees, costs, and pre-judgment and post-judgment interest incurred in bringing this action pursuant to 42 U.S.C. § 3613(c)(2) and Mich. Comp. Laws § 37.2802; and

E.  Award such other and additional relief that the Court finds just and appropriate under the circumstances.

## JURY DEMAND

Plaintiffs, Dr. Lauren Williams and Christopher Quintero, through their counsel, hereby demand a jury trial as to issues for which there exists a right to trial by jury.

Respectfully submitted,

/s/Michael J. Steinberg
Michael J. Steinberg (P43085)
Peter Harding*
Audrey Hertzberg*
CIVIL RIGHTS LITIGATION INITIATIVE
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
hardingp@umich.edu
ahertz@umich.edu

Counsel for Plaintiff

* Student Attorney practicing pursuant to
Local Rule 83.21

Dated: April 21, 2022